UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____2/14/2024__
```

PEOPLE OF THE STATE OF NEW YORK,

                    Plaintiff,

             -against-

DAVON YARBOROUGH,

                  Defendant.

24-CV-0736 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Davon Yarborough, who is proceeding *pro se*, filed a notice of removal in which he seeks to remove to this court, under 28 U.S.C. § 1455, his criminal case pending in the Criminal Court of the City of New York, Bronx County. *See People v. Yarborough*, No. CR-026686-23BX. For the reasons set forth below, the action is remanded to the Criminal Court of the City of New York, Bronx County.

## STANDARD OF REVIEW

      A defendant in a state court action may remove a matter to federal district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal, and may do so

any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

Yarborough commenced this action by filing a notice of removal naming the People of the State of New York as the plaintiff and himself as the defendant. Yarborough asserts that on November 17, 2023, members of the New York City Police Department approached him after he pulled over to put gas in his car at a gas station in Bronx, New York. After he refused to provide identification, the police arrested him and searched his person and vehicle without his consent. Yarborough contends the following: (1) he was falsely arrested and imprisoned without probable cause in violation of the Fourth Amendment; (2) he was subjected to unreasonable searches and seizure in violation of the Fourth Amendment; (3) he was finger printed in violation of his right to self-incrimination under the Fifth Amendment; and (4) his right to travel under the Fourteenth Amendment was violated.

## DISCUSSION

A defendant removing a criminal action to a federal district court is generally required to file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The criminal defendant must file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." § 1455(b)(3).

Furthermore, the removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Such removal jurisdiction is limited. A criminal prosecution may be removed to federal court where an action has been commenced in state court against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Criminal prosecutions commenced in state court are also subject to removal if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). Because removal to federal court deprives the state court of jurisdiction, "federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Sheets*, 313 U.S. at 109.

Yarborough has not complied with the procedural requirements for the removal. The notice of removal does not plead facts showing that it was filed within 30 days of arraignment and does not include any information about or pleadings from the state-court criminal proceeding. Because the notice of removal does not comply with the procedural requirements for removal, the action must be remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

Even if Yarborough had complied with the procedural requirements for removal, his submission is devoid of facts suggesting that removal of his state court criminal proceeding is proper. Yarborough does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. Nor does he allege facts suggesting that he cannot enforce in the New York state courts a right to equality that is being denied him.

Rather Yarborough appears to believe that his arrest violated his rights, but he does not make any argument about the state-court proceeding itself. Yarborough therefore has not demonstrated any statutory basis for removal of his state-court criminal case.

For all of these reasons, the Court concludes that removal is not proper, and the action is remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

## CONCLUSION

Because removal of this criminal action is improper, it is remanded under 28 U.S.C. § 1455(4) to the Criminal Court of the City of New York, Bronx County. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED

Dated:   February 14, 2024
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

4