UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID YARBOROUGH,

                    Petitioner,

-against-

PEOPLE OF THE STATE OF NEW YORK

                    Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2024

24-cv-736 (MKV)

**ORDER DENYING RECONSIDERATION**

MARY KAY VYSKOCIL, United States District Judge:

    Davon Yarborough, proceeding *pro se*, seeks reconsideration of this Court's earlier Order remanding his criminal case to state court [ECF Nos. 5, 7, 8]. For the reasons set forth below, the motion for reconsideration is DENIED.

## I.    BACKGROUND

    Davon Yarborough initiated this action by filing a notice of removal purporting to remove to this Court, pursuant to 28 U.S.C. § 1455, a criminal case pending against him in the Criminal Court of the City of New York, Bronx County [ECF No. 1]. *See People v. Yarborough*, No. CR-026686-23BX . In his notice of removal, Yarborough asserted that members of the New York City Police Department ("NYPD") approached him after he pulled over to put gas in his car, and, after he refused to provide identification, the police arrested him and searched his person and vehicle without his consent. As grounds for removal, Yarborough asserted that (1) he was falsely arrested and imprisoned without probable cause in violation of the Fourth Amendment; (2) he was subjected to unreasonable searches and seizure in violation of the Fourth Amendment; (3) he was finger printed in violation of his right to avoid self-incrimination under the Fifth Amendment; and (4) his right to travel under the Fourteenth Amendment was violated.

1

The Court issued an Order remanding the criminal case against Yarborough back to state court [ECF No. 5 ("Order")].  The Court explained that Yarborough had not satisfied the procedural requirements for removal.  *See* Order at 3; 28 U.S.C. §§ 1455(b)(1), 1455(b)(3).  Moreover, the Court explained, even if Yarborough had satisfied the procedural requirements for removal, he failed to make any showing that his case falls within the Court's narrow removal jurisdiction for criminal prosecutions.  *See* Order at 3–4; 28 U.S.C. §§ 1442(a), 1442a, 1443(1).

Yarborough then filed the pending motion for reconsideration, together with a declaration [ECF Nos. 7, 8 ("Decl.")].  He asks the Court to reopen this action and remove his criminal case on the ground that the Bronx District Attorney's Office has not yet complied with his motions requesting discovery.  Decl. at 2.

## II. LEGAL STANDARDS

### A. *Pro Se* Filings

The "submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'"  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).  However, a court cannot rewrite *pro se* pleadings to assert "claims that are not 'consistent' with the *pro se* litigant's allegations," *id.* at 477 (quoting *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005), or to create federal jurisdiction.  Moreover, *pro se* status does not "excuse frivolous or vexatious filings," nor does it "exempt a party from compliance with relevant rules of procedural and substantive law."  *Id.* (citations omitted).

### B. Reconsideration

It is well established that reconsideration of a court's earlier decision "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

2

resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). Accordingly, "[t]he threshold for prevailing on a motion for reconsideration is high." *Nakshin v. Holder*, 360 Fed. App'x. 192, 193 (2d Cir. 2010); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d. Cir. 1995) ("The standard for granting such a motion is strict."). In general, a party seeking reconsideration may prevail only if he can show: (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) a need to correct a clear error or prevent manifest injustice. *Bergerson v. New York State Office of Mental Health, Central New York Psychiatric*, 652 F.3d 277, 289 (2d Cir. 2011).

### C. Removal

As the Court explained in its earlier Order, federal removal jurisdiction over criminal cases is narrow. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991). A criminal defendant who seeks to remove his case to federal court must file a notice of removal no later than 30 days after his arraignment and must file with his notice of removal a copy of all state court process, pleadings, and orders. *See* 28 U.S.C. §§ 1455(b)(1), 1455(b)(3). A prosecution is removable only if an action has been commenced in state court against a federal officer or member of the armed forces for actions taken under the color of office, 28 U.S.C. §§ 1442(a), 1442a, or if the defendant "cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States," 28 U.S.C. § 1443(1).

The defendant has the burden to show that removal is proper. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal and may do so any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c);

*Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131–33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643–44 (2d Cir. 1993).

### III.   DISCUSSION

The Court liberally construes Yarborough's *pro se* motion to raise the strongest case for reconsideration consistent with his arguments. *See Triestman*, 470 F.3d at 474. However, the Court properly remanded Yarborough's case to state court, and there is no simply no basis for reconsideration of that decision.

As an initial matter, under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable . . . ." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 637 (2009). Section 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 311 (2d Cir. 2005) (citation and internal quotation marks omitted); *see also Lalondriz v. USA Networks, Inc.*, 68 F. Supp. 2d 285, 286 (S.D.N.Y. 1999) (stating that under Section 1447(d), "a district court may not review [its remand order] on a motion for reconsideration").

There are exceptions to the general rule against reconsideration of a remand order, but the exceptions do not apply to this case. Section 1447(d) permits review of an "order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title." 28 U.S.C. § 1447(d). Section 1442 allows for removal of state criminal prosecutions against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Section 1443 allows for removal of criminal prosecutions commenced in state court if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1). Removal under section 1443 requires a criminal defendant to satisfy the two-prong test outlined in *Johnson*

4

*v. Mississippi*, 421 U.S. 213, 219 (1975).  First, "it must appear that the right allegedly denied the removal petitioner [in state court] arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 1790 (1966).  Second, it must appear that the "defendant would be denied or cannot enforce the specified federal rights in the state court."  *Id.* (quoting *Rachel*, 384 U.S. at 1790).

Here, the Court remanded this action based on procedural defects.  Specifically, the Court ruled that Yarborough did not plead facts showing that the notice of removal was filed within 30 days of arraignment and the filing did not include any pleadings or other required filings from the state-court criminal proceeding.  *See* Order at 3.  The Court further ruled that even if Yarborough had satisfied the procedural requirements for removal, he failed to make any showing that he fell within the statutory bases for removal jurisdiction enumerated above.  *See* Order at 3–4.

In particular, Yarborough's notice of removal does not suggest he is a federal officer or member of the armed forces being prosecuted for actions taken under the color of office.  The notice of removal is also totally devoid of information suggesting that Yarborough is being denied federally-guaranteed equal civil rights, related to "racial equality," in the state court [ECF No. 1].  *Johnson*, 421 U.S. at 219.  Rather, his notice of removal asserted that he was falsely arrested and subjected to unreasonable searches and seizure in violation of the Fourth Amendment, that he was finger printed in violation of the Fifth Amendment, and that he was denied his right to travel under the Fourteenth Amendment.  While Yarborough identifies himself as "a member of the Yamassee Creek Nation," he never says anything about suffering discrimination based on that identity [ECF No. 1].  The Court cannot rewrite his submissions to include allegations of discrimination that Yarborough himself never alleges or implies.  *See Triestman*, 470 F.3d at 477.  Yarborough's claims of false arrest, unreasonable searches and seizure, allegedly unconstitutional finger printing, and

5

denial of the right to travel all can be fully and fairly adjudicated in state court. Thus, Yarborough's case was not removable pursuant to section 1442 or 1443, and this Court's remand Order is not reviewable under Section 1447(d).

In addition, Yarborough's motion for reconsideration does nothing to cure the procedural defects the Court previously identified. His declaration in support of reconsideration does not plead that Yarborough timely filed his notice of removal, and he still has not submitted required state court filings [ECF Nos. 7, 8]. Removal, therefore, remains procedurally improper. *See* 28 U.S.C. §§ 1455(b)(1), 1455(b)(3).

Furthermore, Yarborough has made no showing whatsoever that an intervening change in controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice requires reconsideration of the Court's earlier decision. *See Bergerson*, 652 F.3d at 289. Rather, Yarborough argues simply that this Court should reconsider its earlier decision and reopen his case in federal court because of delays in discovery production in his state criminal proceedings [ECF No. 8]. This argument falls far short of meeting Yarborough's burden to invoke the "extraordinary remedy" of reconsideration of the Court's earlier, correct decision rejecting his attempt to remove his criminal case. *Drapkin*, 818 F. Supp. 2d at 695.

## IV.   CONCLUSION

For the reasons set forth above, Yarborough's motion for reconsideration [ECF Nos. 7, 8] is DENIED. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

**Date: August 12, 2024**   MARY KAY VYSKOCIL
**New York, NY**            United States District Judge

6